STATE EX REL. HERFORD v. COOK, STATE AUDITOR.

[Submitted March 6, 1894.  Decided March 12, 1894.]

COUNTIES—*Classification—Evidence.*—When a portion of one county is attached to another county, the last assessment on the territory so attached may be ascertained by reference to the assessment books of the former county in determining the classification of the latter county as established by the assessed valuation of property within its boundaries.

ORIGINAL proceeding.  Application for writ of *mandamus.* Granted.

*O. F. Goddard,* for relator.

*Henri J. Haskell, Attorney General,* for the state, respondent.

DE WITT, J.—The relator is, and since January 1, 1893, has been, county attorney of Yellowstone county. The respond-

ent is state auditor. Relator prays that a writ of *mandamus* issue, requiring the state auditor to draw a warrant in favor of relator for certain sums, which he claims are due him as county attorney of a second-class county. (Acts 2d Sess. p. 235, approved March 6, 1891.) The state moves to quash the writ. The contention is whether the petition shows that Yellowstone is a second-class county. A second-class county must have an assessed valuation of over $4,000,000 and less than $8,000,000. (Act March 6, 1891, *supra.*) In 1892 the assessed valuation of Yellowstone county was $3,800,000. On October 15, 1892, a portion of the Crow Indian reservation duly became a part of Yellowstone county. The property on this portion of the reservation was, in 1892, assessed by Custer county at $817,037. After this portion of territory became part of Yellowstone county, October 15, 1892, the same property so assessed remained thereon. It is therefore the fact that when relator was elected, November, 8, 1892, and qualified, January 1, 1893, the assessed valuation of Yellowstone county was composed of two items: 1. $3,800,000—the Yellowstone assessment of 1892; and, 2. $817,037, an amount assessed by Custer county, and added to Yellowstone county by the accretion of the piece of the reservation. These two sums aggregate $4,617,037. Therefore, prior to relator's election and qualification, his county had the assessed valuation of a second-class county. (Acts 2d Sess., p. 235.) This fact entitles relator, under the provisions of the law passed (March 6, 1891) prior to his election and qualification, to a salary as a second-class county officer. This the state auditor refused, hence this application for a writ of *mandamus.*

The only question is as to the evidence by which it is shown that Yellowstone is a second-class county. The evidence by which it is shown is Custer county's assessment in 1892 upon the property, which at the time of the assessment was in Custer county, but which went, with the land on which it was found, into Yellowstone county, October 15, 1892. That assessed valuation was $817,037. That fact could be ascertained on January 1, 1893, when relator's term of office commenced, by no method other than the assessment books of Custer county. We are satisfied that it sufficiently appears

-that when relator was elected county attorney, and when he qualified, Yellowstone was a second-class county. He is therefore entitled to this writ. But counsel stated in argument that relator at this time demands a warrant from the state auditor for only the period of time since December 1, 1893. Therefore let the writ issue commanding the state auditor to draw warrants in favor of relator in such amounts as shall pay him as far as the state is liable for his salary at the rate of $1,500 per annum, since December 1, 1893.

*Writ issued.*

PEMBERTON, C. J., and HARWOOD, J., concur.